UNITED STATES BANKRUPTCY COURT
District of Massachusetts

In re
Silva, Victor A

Case No:
Chapter 13

Debtor

## DECLARATION RE ELECTRONIC FILING

**PART I- DECLARATION**

I[We] Silva, Victor A          and ,          , hereby declare(s) under penalty of perjury that all of the information contained in my _2nd Amd. Ch. 13 Plan_ (singly or jointly the "Document"), filed electronically, is true and correct. I understand that this DECLARATION is to be filed with the Clerk of Court electronically concurrently with the electronic filing of the Document. I understand that failure to file this DECLARATION may cause the Document to be struck and any request contained or relying thereon to be denied, without further notice.

I further understand that, pursuant to the Massachusetts Electronic Filing Local Rule (MEFR) 7( b), all paper documents containing original signatures executed under the penalties of perjury and filed electronically with the Court are the property of the bankruptcy estate and shall be maintained by the authorized CM/ECF Registered User for a period of five (5) years after the closing of this case.

Dated: 8/24/15

_____
(Affiant)

_____
(Joint Affiant)

**PART II - DECLARATION OF ATTORNEY (IF AFFIANT IS REPRESENTED BY COUNSEL)**

I certify that the affiant(s) signed this form before I submitted the Document, I gave the affiant(s) a copy of the Document and this DECLARATION, and I have followed all other electronic filing requirements currently established by local rule and standing order. This DECLARATION is based on all information of which I have knowledge and my signature below constitutes my certification of the foregoing under Fed. R. Bankr. P. 9011. I have reviewed and will comply with the provisions of MEFR 7.

Signed: _____ 8/24/15
(Attorney for Affiant)
Barry C. Richmond 419360
Law Office of Barry C. Richmond
Barry C. Richmond, Esquire
210 Washington Street
Woburn, MA 01801-0000
(781) 935-2143

# OFFICIAL LOCAL FORM 3

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

## SECOND AMENDED CHAPTER 13 PLAN COVER SHEET

Filing Date: __April 10, 2015__                     Docket #: __15-40704__

Debtor: __Victor A. Silva__                         Co-Debtor: _____

SS#: __XXX-XX-8198__                                SS#: _____

Address: __293 North Broadway__                     Address: _____
         __Haverhill, MA 01832__


Debtor's Counsel: __Law Office of Barry C. Richmond__

Address: __210 Washington Street, Woburn, MA 01801__

Telephone #: __781-935-2143__                       Facsimile #: __781-935-2144__

ATTACHED TO THIS COVER SHEET IS THE CHAPTER 13 PLAN FILED BY THE DEBTOR(S) IN THIS CASE. THIS PLAN SETS OUT THE PROPOSED TREATMENT OF THE CLAIMS OF CREDITORS. THE CLAIMS ARE SET FORTH IN THE BANKRUPTCY SCHEDULES FILED BY DEBTOR(S) WITH THE BANKRUPTCY COURT.
YOU WILL RECEIVE A SEPARATE NOTICE FROM THE BANKRUPTCY COURT OF THE SCHEDULED CREDITORS' MEETING PURSUANT TO 11 U.S.C. § 341. THAT NOTICE WILL ALSO ESTABLISH THE BAR DATE FOR FILING PROOFS OF CLAIMS. PURSUANT TO THE MASSACHUSETTS LOCAL BANKRUPTCY RULES, YOU HAVE UNTIL THIRTY (30) DAYS AFTER THE SECTION 341 MEETING TO FILE AN OBJECTION TO CONFIRMATION OF THE CHAPTER 13 PLAN, WHICH OBJECTION MUST BE SERVED ON THE DEBTOR, DEBTOR'S COUNSEL AND THE CHAPTER 13 TRUSTEE.

1

OFFICIAL LOCAL FORM 3

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
FIRST AMENDED PRE-CONFIRMATION CHAPTER 13 PLAN

Victor A. Silva

Docket No.: 15-40704

| DEBTOR(S): | SS#: |
| --- | --- |
| (H) | XXX-XX-8198 |
| (W) | SS#: |

I. PLAN PAYMENT AND TERM:

Debtor(s) shall pay monthly to the Trustee the sum of $755.00 for the term of:

☐ 36 Months. 11 U.S.C. § 1325(b)(4)(A)(i);

☒ 60 Months. 11 U.S.C. § 1325(b)(4)(A)(ii);

☐ 60 Months. 11 U.S.C. § 1322(d)(2). Debtor avers the following cause:

_____

_____

_____; or

☐ ____ Months. The Debtor states as reasons therefore:

_____

_____

2

II. SECURED CLAIMS:

A. Claims to be paid through the plan (including arrears):

| Creditor | Description of Claim (pre-petition arrears, purchase money, etc.) | Amount of Claim |
|---|---|---|
| Commonwealth of MA | 2006-2014 Withholding Taxes | $37,835.23 |
| Ocwen Loan | 293 N. Broadway Mortgage Arrears | $ 9,676.07 |
| See Attached | | $ 5,369.47 |
| Total of secured claims to be paid through the Plan: | | $52,880.77 |

B. Claims to be paid directly by debtor to creditors (Not through Plan):

| Creditor | Description of Claim |
|---|---|
| Ocwen Loan Servicing | First Mortgage, Primary Residence – 293 N. Broadway, Haverhill, MA. |
| Ocwen Loan Servicing | First Mortgage, Rental Property – 13-15 S. Elm St., Haverhill, MA |
| Ford Motor Credit | Late Fees – secured auto in the amount of $1,109.62 |

C. Modification of Secured Claims:

| Creditor | Details of Modification (Additional Details May Be Attached) | Amt. of Claim to Be Paid Through Plan |
|---|---|---|
| | | |
| | | |
| | | |

3

Victor Silva
Chapter 13 Case No.: 15-40704-MSH

II. SECURED CLAIMS Continued:

A. Claims to be paid through the plan (including arrears):

| Creditor | Description of Claim (pre-petition arrears, purchase money, etc.) | Amount of Claim |
|---|---|---|
| Ocwen Loan | 13-15 S Elm Street | $2,109.60 |
| City of Haverhill | Water/Sewer Liens | $3,259.87 |
| Total of secured claims to be paid through the Plan: | | $5,369.47 |

D. Leases:

    i.    The Debtor(s) intend(s) to reject the residential/personal property lease claims of _____; or

    ii.    The Debtor(s) intend(s) to assume the residential/personal property lease claims of _____.

    iii.    The arrears under the lease to be paid under the plan are _____.

## III. PRIORITY CLAIMS:

A. Domestic Support Obligations:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| _____ | _____ | $ _____ |
| _____ | _____ | $ _____ |

B. Other:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| Internal Revenue Service | Income & Civil Penalty 2011-2014 | $102,136.97 |
| Commonwealth of MA. Dept. of Revenue | Personal Income Tax 2011 - 2014 | $ 8,446.70 |
| _____ | _____ | $ _____ |
| _____ | _____ | $ _____ |

Total of Priority Claims to Be Paid Through the Plan:    $110,583.67

4

IV. ADMINISTRATIVE CLAIMS:

A. Attorney's Fees (to be paid through the plan): $2,500.00

B. Miscellaneous Fees:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| | | $ |
| | | $ |
| | | $ |

C. The Chapter 13 Trustee's fee is determined by Order of the United States Attorney General. The calculation of the Plan payment set forth utilizes a 10% Trustee's commission.

V. UNSECURED CLAIMS:

The general unsecured creditors shall receive a dividend of **2.5%** of their claims.

A. General unsecured claims $102,249.67

B. Undersecured claims arising after lien avoidance/cramdown:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| Century Bank & Trust | Writ of Attachment | $0.00 |
| See Article VI, Paragraph for further discussion | | $ |
| | | $ |

5

Victor Silva
Chapter 13 Case No.: 15-40704-MSH

VI. OTHER PROVISIONS Continued:

B. The Debtor shall surrender the property located at 360 – 362 Main Street, Haverhill, Massachusetts to U.S. National Bank Association, as Trustee for Residential Asset Securities Corporation, Home Equity Mortgage Asset-Backed Pass-Through Certificates, Series 2005-K53 in full satisfaction of their first mortgage secured claim in the amount of $92,833.75.

C. The Debtor shall surrender the property located at 360 – 362 Main Street, Haverhill, Massachusetts to Century Bank and Trust in full satisfaction of their second mortgage secured claim in the amount of $32,678.84.

D. Century Bank and Trust Company ("CBTC") is the holder of a Small Business Loan Program and Security Agreement, Century Select Business Line of Credit granted to the Debtor's business corporation United Building Services, Inc. Said agreement was signed and dated October 17, 2006 and personally guaranteed by the Debtor. The aforementioned loan agreement was modified on November 24, 2009. Under the terms of the modification, CBTC was granted a second mortgage recorded with the Essex South Registry of Deeds in Book 29101, Page 377. The mortgage is collateralized by the Debtors property located at 360-362 Main Street, Haverhill, Massachusetts. Under the provisions of this plan, the Debtor is not retaining the property located at 360-362 Main Street, Haverhill, Massachusetts ("the Main Street Property") as noted in Paragraph C above.

    Notwithstanding the security granted to CBTC pursuant to the modification, prior to the filing of the Debtor's bankruptcy petition, CBTC filed suit against the Debtor seeking to collect a money judgment as well as to obtain additional security with respect to said judgment. Accordingly, CBTC filed a pre-petition lawsuit against the Debtor in Middlesex Superior Court, Docket No. 14-8443. At the time that the lawsuit was filed, CBTC obtained a $35,000.00 Writ of Attachment recorded against the Debtor's primary residence at 293 N Broadway, Haverhill, Massachusetts. Said attachment is recorded in the Essex South Registry of Deeds in Book 33707, Page 508. Since the judicial attachment impairs the Debtor's homestead exemption claimed under M.G.L.c. 188 § 1, the Debtor shall file a motion to avoid said lien pursuant to 11 U.S.C. Section 522(f)(2). No additional unsecured claim for CBTC has been provided for under the plan in view of their secured status on the Main Street Property (see Paragraph C above) and their treatment in the plan referenced above.

C. Non-Dischargeable Unsecured Claims:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| Navient | Student loans | $ 55,598.13 |
| | | $ |
| | | $ |

Total of Unsecured Claims (A + B + C):    $157,847.80

D. Multiply total by percentage:    $ 3,946.20

E. Separately classified unsecured claims (co-borrower, etc.):

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| Internal Revenue Service | Non-priority taxes & penalties | $14,832.75 |
| Mass. Dept. of Revenue | Tax penalties | $ 2,310.15 |
| | | |

    Total    $17,142.90
Total amount of separately classified claims payable at 2.5%    $ 428.57

VI. OTHER PROVISIONS:

A. Liquidation of assets to be used to fund plan:    The Debtor shall sell or refinance the property located at 293 N Broadway, Haverhill, Massachusetts on or before the 60th month following the effective date of the plan and use the proceeds therefrom to fund the final lump sum payment of $143,965.79 required under the plan.

6

B. Miscellaneous Provisions: See Attached

VII. CALCULATION OF PLAN PAYMENT:

| | | |
|---|---|---|
| a) | Secured claims (Section II-A Total): | $ 52,880.77 |
| b) | Priority claims (Section III-A & B Total): | $110,583.67 |
| c) | Administrative claims (Section IV-A&B Total): | $ 2,500.00 |
| d) | Regular unsecured claims (Section V-D Total): + | $ 3,946.20 |
| e) | Separately classified unsecured claims: | $ 428.57 |
| f) | Total of a+b+c+d+e above: | $170,339.21 |
| g) | Divide (f) by .90 for total including Trustee's fee: | |
| | Cost of Plan = | $189,265.79 |
| | Less: Lump Sum | ($143,965.79) |
| (This represents the total amount to be paid into the Chapter 13 Plan.) | | $ 45,300.00 |
| h) | Divide (g), Cost of Plan, by Term of Plan, 60 months: | 755.00 |
| i) | Round up to nearest dollar for Monthly Plan Payment: | $ 755.00 |

(Enter this amount on page 1)

Pursuant to 11 U.S.C. §1326(a)(1) unless the Court orders otherwise, debtor shall commence making the payments proposed by a plan within thirty (30) days after the petition is filed. Pursuant to 11 U.S.C. §1326(a)(1)(C), the debtor shall make pre-confirmation adequate protection payments directly to the secured creditor.

7

VIII. LIQUIDATION ANALYSIS

A. Real Estate:

| Address | Fair Market Value | Total Amount of Recorded Liens (Schedule D) |
|---|---|---|
| 293 N Broadway, Haverhill, MA | $279,660.00 | $166,410.91 |
| 13-15 S Elm Street, Haverhill, MA | $206,969.00 | $217,041.32 |
| 360-362 Main Street, MA | $200,000.00 | $179,948.22 |

Total Net Equity for Real Property: $133,300.87

Less Total Exemptions (Schedule C): $113,249.09

Available Chapter 7: $ 20,051.78

B. Automobile (Describe year, make, model):

   2003 Jaguar    Value $1,296.00   Lien $0.00  Exemption $ 1,296.00

   1999 Dodge    Value $1,232.00   Lien $0.00  Exemption $ 1,232.00

   1982 Jaguar    Value $3,999.00   Lien $0.00  Exemption $ 3,999.00

Total Net Equity: $ 6,527.00

Less Total Exemptions (Schedule C) $ 6,527.00

Available Chapter 7: $ 0.00

C. All other Assets: (All remaining items on schedule B) : (Itemize as necessary) Householdgoods and apparel - $4,500, Personal Checking Account - $139.63.

| | |
|---|---|
| Total Net Value: | $4,639.63 |
| Less Exemptions (Schedule C): | $4,639.63 |
| Available Chapter 7: | $ 0.00 |

D. Summary of Liquidation Analysis (total amount available under Chapter 7):

Net Equity (A and B) plus Other Assets (C) less all claimed exemptions:  $0.00

E. Additional Comments regarding Liquidation Analysis:

_____

_____


IX. SIGNATURES

Pursuant to the Chapter 13 rules, the debtor to his or her attorney is required to serve a copy of the Plan upon the Chapter 13 Trustee, all creditors and interested parties, and to file a Certificate of Service accordingly.

_____        _8/24/15_____
Debtor's Attorney                                         Date

Attorney's Address:  210 Washington Street, Woburn, MA 01801

_____

Tel. # (781) 935-2143

E-mail Address:  richmondlaw@hotmail.com

9

I/WE DECLARE UNDER THE PENALTIES OF PERJURY THAT THE FOREGOING REPRESENTATIONS OF FACT ARE TRUE AND CORRECT TO THE BEST OF OUR KNOWLEDGE AND BELIEF.

_____          _____8/24/15_____
Debtor                                                                              Date

_____          _____
Debtor                                                                              Date

# CERTIFICATE OF SERVICE

I, Barry C. Richmond, hereby certify that on August 24, 2015 I electronically filed the Debtor's Second Amended Chapter 13 Plan and served same electronically to the CM/ECF participants listed below and by first class mail to the parties attached.

Richard King, US Trustee

Denise Pappalardo, Chapter 13 Trustee

Marcus Pratt on behalf of Creditor US Bank National Association

David T. Mazzuchelli on behalf of Creditor Massachusetts Department of Revenue

James Southard of behalf of Creditor OrlansMoran

Ronald A. Dardeno on behalf of Creditor Century Bank and Trust Company


Dated:  August 24, 2015

/s/ Barry C. Richmond
Barry C. Richmond
Law Office of Barry C. Richmond
210 Washington Street
Woburn, MA  01801
BBO# 419360
(781) 935-2143
richmondlaw@hotmail.com

American Express
PO Box 297871
Ft. Lauderdale, FL  33329


Bluebeard's Castle Hilltop Villas I & II
C/O Pinnacle Recovery Inc
PO Box 130848
Carlsbad, CA  92013


Business Backer LLC
C/O Scott A. Liberman, Esq
One South Main Street, Ste 1700
Dayton, OH  45402


Capital One
PO Box 85520
Richmond, VA  23285


Capital One USA Bank
PO Box 30285
Salt Lake City, UT  84130


Century Bank And Trust Company
C/O Law Offices Of Frank N. Dardeno, LLP
424 Broadway
Somerville, MA  02145


Century Bank And Trust Company
400 Mystic Avenue
Medford, MA  02155


Chase Bank USA
PO Box 15298
Wilmington, DE  19850

```
City Of Haverhill
Water/Wastewater Billing Dept.
4 Summer Street, Room 300
Haverhill, MA   01830


City Of Somerville
Office Of The Tax Collector
PO Box 203
Milford, MA   01757


City Of Somerville
Office Of The Tax Collector
PO Box 197
Somerville, MA   02143


Comcast
PO Box 196
Newark, NJ   07101


Commerce Insurance
11 Gore Road
Webster, MA   01570


Exxon/Mobil
PO Box 6497
Sioux Falls, SD   67117


Internal Revenue Service
Bankruptcy Section/Mail Code 20800
PO Box 9112, Insolvency Unit 1
Boston, MA   02203


Joslin Diabetes Center
PO Box 414633
Boston, MA   02241
```

Massachusetts Department Of Revenue
Legal Bankruptcy Unit
PO Box 9564
Boston, MA  02114


Nathan Laine
C/O Tyler Pento;Iros, Esq.
21 Wingate Street
Haverhill, MA  01832


Nationalgrid
PO Box 11737
Newark, NJ  07101


Navient
PO Box 9500
Wilkes-Barre, PA  18773


Ocwen Loan Servicing, LLC
1661 Worthington Road, Ste 100
West Palm Beach, FL  33409


Sallie Mae
C/O American Student Assistance
330 Stuart Street
Boston, MA  02116


Santander Bank NA
Mail Code 10-421-MC3
450 Penn Street
Reading, PA  19602


Verizon
PO Box 15124
Albany, NY  12212

```
Wayne A Snow PA
201 Main Street, 2nd Floor
Charlsetown, MA  02129
```